**BECKLEY & MADDEN, LLC**
Charles Beckley (PA 47564)
212 North Third Street, Suite 301
Harrisburg, PA 17101
Tel: (717) 233-7691
Email: cbeckley@pa.net

**GRAVES GARRETT GREIM LLC**
Edward D. Greim (MO 54034)
Matthew R. Mueller (MO 70263)
Jackson C. Tyler (MO 73115)
All Admitted *Pro Hac Vice*
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com
jtyler@gravesgarrett.com

*Attorneys for Plaintiff*

Michael J. Fischer (PA 322311)
Executive Deputy General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

Erich T. Greiner (PA 331601)
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 783-6301
egreiner@attorneygeneral.gov

Amelia J. Goodrich (PA 327192)
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
(412) 565-7680
agoodrich@attorneygeneral.gov

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC,** | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | )    **Case No.: 1:24-CV-0294** <br> ) |
| **ALBERT SCHMIDT**, in his official capacity as Secretary of the Commonwealth of Pennsylvania, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## JOINT CASE MANAGEMENT PLAN

1

Having complied with the meet and confer requirements set forth in the LOCAL RULES, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
          By plaintiff(s):

Plaintiff Voter Reference Foundation is a nonprofit organization that seeks to increase transparency in the voting process in order to foster trust in electoral processes and, in turn, increase voter participation as a result of that increased trust. Plaintiff sought voter data from the Secretary intending to publish that data online so that citizens could crowdsource the data, rectify errors, and, in the process, increase trust in the system. Plaintiff made these intentions clear when requesting the data from the Secretary.

Based on the Secretary's understanding that Plaintiff was going to post the requested data online, the Secretary refused to provide the requested data. Plaintiff then availed itself of a state court proceeding contesting that denial on state law grounds. Plaintiff raised issues related to the National Voter Registration Act, 52 U.S.C. § 20507, and the First Amendment in that state proceeding, but the Pennsylvania Commonwealth Court opted not to consider those claims, noting, in part, that there was a remedy in federal court if Plaintiff's rights under the NVRA were violated.

Following the resolution of the Commonwealth Court case, Plaintiff again requested data from the Secretary, again stated its intent to publish that data online, and again noted that the Secretary's refusal to produce the data amounted to an NVRA violation which Plaintiff would pursue in federal court. The Secretary would not provide the requested data without a sworn affirmation from VRF that it would not publish the data online, a condition to which VRF could not agree. Now, Plaintiff seeks to vindicate its rights under the National Voter Registration Act to obtain and publish the requested data, as well as its First Amendment rights to engage in speech using the data. Plaintiff seeks declaratory and injunctive relief, as well as its attorney's fees in prosecuting this action.

          By defendant(s):

Pennsylvania law allows individuals and entities to obtain copies of various lists of Pennsylvania voters, which include personal information such as address, date of birth, and voting history. To protect voters' privacy interests, Pennsylvania law and regulations regulate the disclosure of information regarding registered voters; specifically, this information may be used only for non-commercial election-related purposes, and voters' information may not be published on the internet.

The Secretary has promulgated a request form for the release of voter information, which applicants may use to affirm their intent to adhere to these requirements. Plaintiff Voter Reference Foundation, LLC ("VRF"), seeks to obtain Pennsylvania's voter list in order to publish information from it on a publicly accessible website. VRF and its officers have refused to agree to the terms of the request from promulgated by the Secretary, and thus have, to date, been

refused access pending their agreement to those terms.

The National Voter Registration Act requires that the Secretary offer certain voter-related information up for "inspection" and "photocopying." VRF contends that the restriction on publishing voter information on the internet is preempted by this requirement. VRF also contends that this restriction violates the First Amendment's guarantee of freedom of speech.

The Secretary contends that Pennsylvania's prohibition on publishing voter lists on the internet is a modest restriction that is necessary to protect voter privacy and prevent a chilling effect on electoral participation, and that it does not conflict with either the NVRA, to the extent the NVRA applies to the voter lists, or the First Amendment.

1.2     The facts the parties dispute are as follows:

- The state interests in restricting the use and sharing of voter data;
- Whether those restrictions are narrowly tailored to those interests;
- Whether the equities favor the Court granting permanent injunctive relief in Plaintiff's favor;
- The risks associated with posting personal voter information on the internet;
- The extent of any chilling effect on voter participation from having personal information available on the internet.

agree upon are as follows:

- The correspondence between the parties, including the correspondence identified as exhibits to Plaintiff's Complaint, are true and accurate copies of the referenced correspondence, and that correspondence did take place on the dates noted;

1.3     The legal issues the parties dispute are as follows:

- Whether Pennsylvania's voter list is a "record[] concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" under 52 U.S.C. § 20507(i)(1);
- Whether the NVRA's Public Inspection Provision, 52 U.S.C. § 20507(i)(1), preempts Pennsylvania law and regulations prohibiting the publication of voter data online;
- Whether Plaintiff has a First Amendment right to publish the voter data it requested;
- Whether Pennsylvania's law prohibiting the publication of certain voter data online is an unconstitutionally overbroad restriction on protected speech;
- Whether the statutory entitlement to "inspect" and "copy" certain records under the NVRA entails the right to publish that information on a publicly-accessible internet page.
- Whether Pennsylvanians can be required to forfeit their right to privacy in their personal information, guaranteed by the Pennsylvania Constitution, in order to participate in the electoral process;
- Defendants also reserve the right to challenge whether Plaintiff has standing to bring this action.

<u>agree</u> upon are as follows:

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

<u>None at present. Defendants reserve the right to challenge Plaintiff's standing to bring this action.</u>

1.5 Identify any named parties that have not yet been served:

<u>None known.</u>

1.6 Identify any additional parties that:

plaintiff(s) intends to join: <u>None known.</u>

defendant(s) intends to join: <u>None known.</u>

1.7 Identify any additional claims that:

plaintiff(s) intends to add: <u>None known.</u>

defendant(s) intends to add: <u>None known.</u>

**2.0  Disclosures**

The undersigned counsel certify that the Parties will make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) prior to the status conference to be held in this matter on April 16, 2024.

**3.0  Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| 12(b)(6) Motion to Dismiss | Defendant | Filed on 3/28/2024<br>RIO due 4/25/24 |

**4.0  Discovery**

4.1  Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): <u>None.</u>

By defendant(s): <u>None.</u>

4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will conduct a 30(b)(6) deposition of the Secretary of State's Office. Without waiving Plaintiff's ability to designate other matters for examination pursuant to Rule 30(b)(6), Plaintiff intends to learn the following from the 30(b)(6) deposition:

- The list maintenance activities undertaken in Pennsylvania to maintain the accuracy and currency of the voter list;
- The Secretary's complete basis for denying Plaintiff's voter data requests;
- The state interests implicated by restricting the use and sharing of voter data;
- Alternative methods of achieving those state interests asserted; and,
- Other facts, documents, and evidence related to the assertions in the Complaint.

Plaintiff may also seek a deposition of someone familiar with the Secretary's voter database, including the inputs to that database and how data is store, maintained, etc. Plaintiff does not anticipate taking any other depositions in this matter but reserves the right to do so.

Plaintiff also intends to propound written discovery, including interrogatories, requests for production, and request for admission regarding these topics, but likewise reserves its right to seek discovery on any topic permitted under the Federal Rules. Plaintiff does not anticipate the need for expert testimony in this case but reserves all rights thereto.

Defendant will conduct a 30(b)(6) deposition of a representative of Voter Reference Foundation, to learn what VRF does with the voter information it acquires; how it protects sensitive information; how it responds to complaints about disclosure of personal information; how it encourages users of its database to contact election officials about voting lists; the extent to which users of its database have contacted election officials about voting lists, and other topics.

Defendant may also conduct depositions of specific VRF employees about these or other topics.

Defendant also intends to propound written discovery, including interrogatories, requests for production, and request for admission regarding these topics, and reserves its right to seek discovery on any topic permitted under the Federal Rules. Defendant does not anticipate the need for expert testimony at present, but reserves the right to seek expert testimony.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of

information would be developed through it:

The Parties are presently not aware of any discovery that either party wishes to conduct to which another party objects.

4.4  Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

4.5  For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1  depositions (excluding experts) to be taken by:

plaintiff(s):10                    defendant(s):10

4.5.2  interrogatories to be served by:

plaintiff(s):25                    defendant(s):25

4.5.3  document production requests to be served by:

plaintiff(s):30                    defendant(s):30

4.5.4  requests for admission to be served by:

plaintiff(s):25                    defendant(s):25

4.6  Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5.0  Protective Order**

At this time, the Parties do not anticipate the need for a protective order, but remain willing to cooperate on the issue should a protective order become warranted during discovery.

**6.0  Scheduling**

6.1  Final date for joining additional parties:

    <u>6/1/2024</u>     All Parties

6.2  Final date for amending pleadings:

    <u>6/1/2024</u>     All Parties

6.3  All fact discovery commenced in time to be completed by: <u>8/7/2024</u>

6.4  All potentially dispositive motions should be filed by:  <u>12/13/2024</u>

6.5  Reports from retained experts due:

    from offering party by <u>9/4/2024</u>

    Responsive reports by<u> 10/2/2024</u>

6.6  Supplementations due   <u>10/16/2024</u>

6.7  All expert discovery commenced in time to be completed by   <u>10/31/2024</u>

6.8  This case may be appropriate for trial in approximately:

    <u>   </u> 240 Days from the filing of the action in this court

    <u>X</u> 365 Days from the filing of the action in this court

    <u>   </u> Days from the filing of the action in this court

6.9  Suggested Date for the final Pretrial Conference:

    <u>February 2025         </u>(month/year)

6.10 Trial

6.10.1  Suggested Date for Trial:

    <u>The parties anticipate that this matter can be ready for a bench trial, if necessary, by March 2025</u>

**7.0     Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

<u>For Plaintiff</u>
Name: Gina Swoboda
Title: Executive Director, Voter Reference Foundation

Address: 1901 Butterfield Road, Suite 920, Downers Grove, IL 60515
Daytime Telephone: (844) 302-2109

For Defendant:
Name: Kathleen Kotula
Title: Chief Counsel, Pennsylvania Department of State
Address:
306 North Office Building
Harrisburg, PA 17120
Daytime Telephone: (717) 783-0736

**8.0  Alternative Dispute Resolution ("ADR")**

8.1  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    N/A

8.2  If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    N/A

8.3  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

    This case primarily presents questions of law, the resolution of which will have substantial policy implications. The Parties have litigated substantially similar issues in the past and believe that it is unlikely that any ADR procedures will lead to a resolution of the issues at hand.

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

    All parties agree to jurisdiction by a magistrate judge of this court:  __ Y  X N.

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

<u>The Parties anticipate that this case could potentially be resolved on mostly stipulated facts and documents during a short bench trial. The Parties conferred regarding the use of experts and, at this time, neither Party anticipates needing expert testimony. Similarly, the Parties discussed foregoing dispositive motions (i.e., summary judgment) and proceeding directly to a bench trial in order to save time and expense. The parties will continue to discuss this option as the case proceeds, and will update the Court as appropriate.</u>

<u>If, as the case develops, the Parties reach an agreement regarding foregoing expert testimony and dispositive motions, they are tentatively willing to agree to the following schedule, subject to the Court's availability to hold a 1-2 day bench trial before the end of the year:</u>

Final date for joining additional parties:

<u>6/1/2024</u>      <u>All Parties</u>

Final date for amending pleadings:

<u>6/1/2024</u>      <u>All Parties</u>

All fact discovery commenced in time to be completed by:      <u>8/7/2024</u>

All potentially dispositive motions should be filed by:      <u>N/A</u>

Reports from retained experts due: <u>N/A</u>

Supplementations due: <u>N/A</u>

All expert discovery commenced in time to be completed by: <u>N/A</u>

This case may be appropriate for trial in approximately:

<u>X</u> 240 Days from the filing of the action in this court

<u>   </u> 365 Days from the filing of the action in this court

<u>   </u> Days from the filing of the action in this court

Suggested Date for the final Pretrial Conference:

<u>August 2024</u>      (month/year)

6.10  Trial

6.10.1  Suggested Date for Trial:

<u>The Parties anticipate that if they can reach an agreement regarding foregoing expert testimony and dispositive motion practice, this matter can be ready for a 1-2 day bench trial by September 2024.</u>

<u>The Parties reserve all rights, including the right to seek and use expert testimony and to file summary judgment motions.</u>

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.   Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.   The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.   Also please indicate ECF User status below.

Dated:                                   <u>April 11, 2024</u>

Lead Attorney(s) for Plaintiff(s)

      Edward D. Greim (MO 54034)
      Admitted *Pro Hac Vice*
      GRAVES GARRETT GREIM LLC
      1100 Main Street, Suite 2700
      Kansas City, Missouri 64105
      Tel.: (816) 256-3181
      Fax: (816) 222-0534
      edgreim@gravesgarrett.com

ECF User(s): Y
Waiver requested (as separate document): N
Fed.R.Civ.P.7.1 statement filed on February 23, 2024 (ECF No. 10)

Dated:                                   <u>April 11, 2024</u>

Lead Attorneys(s) for Defendant(s)

    Michael J. Fischer
    GOVERNOR'S OFFICE OF GENERAL COUNSEL
    333 Market Street, 17th Floor
    Harrisburg, PA 17101
    (717) 831-2847
    mjfischer@pa.gov

    ECF User(s): Y
    Waiver requested (as separate document): N
    Fed.R.Civ.P.7.1 (statement filed if necessary): N/A


Respectfully submitted this 11th day of April, 2024.

| /s/ Edward D. Greim | /s Michael J. Fischer |
|---|---|
| **GRAVES GARRETT GREIM LLC** | Michael J. Fischer (PA 322311) |
| Edward D. Greim (MO 54034) | Executive Deputy General Counsel |
| Matthew R. Mueller (MO 70263) | 333 Market Street, 17th Floor |
| Jackson C. Tyler (MO 73115) | Harrisburg, PA 17101 |
| All Admitted *Pro Hac Vice* | (717) 831-2847 |
| GRAVES GARRETT GREIM LLC | mjfischer@pa.gov |
| 1100 Main Street, Suite 2700 | |
| Kansas City, Missouri 64105 | Erich T. Greiner (PA 331601) |
| Tel.: (816) 256-3181 | Deputy Attorney General |
| Fax: (816) 222-0534 | Office of Attorney General |
| edgreim@gravesgarrett.com | 15th Floor, Strawberry Square |
| mmueller@gravesgarrett.com | Harrisburg, PA 17120 |
| jtyler@gravesgarrett.com | (717) 783-6301 |
| | egreiner@attorneygeneral.gov |
| **BECKLEY & MADDEN, LLC** | |
| Charles Beckley (PA 47564) | Amelia J. Goodrich (PA 327192) |
| 212 North Third Street, Suite 301 | Deputy Attorney General |
| Harrisburg, PA 17101 | Office of Attorney General |
| Tel: (717) 233-7691 | 1251 Waterfront Place |
| Email: cbeckley@pa.net | Mezzanine Level |
| | Pittsburgh, PA 15222 |
| | (412) 565-7680 |
| *Attorneys for Plaintiff* | agoodrich@attorneygeneral.gov |
| | |
| | *Attorneys for Defendant* |