**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALBERT SCHMIDT, in his official capacity as Secretary of the Commonwealth,<br><br>　　　　　　Defendant. | No. 1:24-cv-294<br><br>Judge Christopher C. Conner |

**DEFENDANT'S STATEMENT OF UNDISPUTED**
**MATERIAL FACTS**

Amelia J. Goodrich (PA 327192)
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
(412) 565-7680
agoodrich@attorneygeneral.gov


Erich T. Greiner (PA 331601)
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Michael J. Fischer (PA 322311)
Executive Deputy General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov


Kathleen A. Mullen (PA 84604)
Ian B. Everhart (PA 318947)
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120

*Counsel for Defendant Al Schmidt*

Pursuant to Local Rule 56.1, Defendant Al Schmidt respectfully submits the following statement of material facts that he contends are undisputed:

**The Parties.**

1. Plaintiff Voter Reference Foundation, LLC ("VRF") is a non-profit organized under Ohio law. VRF is a subsidiary of Restoration Action, Inc. ("Restoration"), a 501(c)(4) nonprofit social welfare organization. Compl. ¶ 8.

2. Albert Schmidt is the Secretary of the Commonwealth of Pennsylvania, named as defendant here in his official capacity. Compl. ¶ 9.

**Pennsylvania statutes and Regulations.**

3. The Pennsylvania Election Code and voter registration law assign primary responsibility for voter registration to each of Pennsylvania's 67 counties and their voter registration commissions. *See generally* 25 Pa. Cons. Stat. Part IV; Exh. A (Marks Dep. Tr.) 20–25.

4.    Voter registration applications are submitted to, and qualifications are adjudicated by, counties and their staff. 25 Pa. Cons. Stat. § 1322, Exh. A (Marks Dep. Tr.) 23.

5.    The Department of State has specific duties under the voter registration law, enumerated in the statute. 25 Pa. Cons. Stat. §§ 1201, 1222(a); *see generally* Exh. A (Marks Dep. Tr.) 20–25.

6.    The Department maintains the Statewide Uniform Registry of Electors ("SURE" or "SURE System"), uploads third-party data to assist counties to identify errors and duplicates, and offers training and guidance to county staff who work with SURE. Exh. A (Marks Dep. Tr.) 14, 24, 45.

7.    The Department's duties also include certain list maintenance-related responsibilities, including providing use of change of address information from the U.S. Postal Service and death certificate information from the Pa. Department of Health, to ensure the accuracy of the voter registration rolls, including through the eliminate of duplicate entries. 25 Pa. Cons. Stat. § 1901, Exh. A (Marks Dep. Tr.) 21, 32–57.

8.      Counties receive voter registration applications (paper or electronic) from prospective voters and make a determination on approval or rejection. A person's entry record in SURE becomes the authoritative record of his or her voter registration. Exh. A (Marks Dep. Tr.) 20–25.

9.      Counties and the Department of State offer voter registration information to registered Pennsylvania voters upon proper application. These include Public Information Lists and Street Lists. *See* 4 Pa. Code §§ 183.13, 183.14; *see also* Exh. A (Marks Dep. Tr.) 76.

10.     The Public Information List and Street List contain substantially the same information, but the Street List may be organized by residential address, suitable for door-to-door canvassing; the Full Voter Export contains additional data such as the voter ID number, date of registration, status (active or inactive), date of status change, voting history, telephone number, and date of last change to the record. 4 Pa. Code § 183.13(a)(1), Exh. A (Marks Dep. Tr.) 69–60, 67–68; *See* Exh. D.

11.     Among other restrictions, the SURE Regulations contain a prohibition on publishing a Public Information List or Street List on the internet. 4 Pa. Code §§ 183.13(g), 183.14(k), Exh. A (Marks Dep. Tr.) 75.

3

12.    The request form for the List includes an affirmation by the applicant that he or she will not publish any List so obtained on the internet. Exh. A (Marks Dep. Tr.) 84.

13.    All requesters seeking voter records for political or election purposes (as opposed to law enforcement purposes) are subject to the regulations' prohibition on internet publication, and all requesters must agree to the affirmation of non-publication; the Department makes no distinction in this regard based on the requester's identity or viewpoint. Marks. Dep. Tr. 66, 84.

14.    The lists prepared in accordance with the statute and regulations, and distributed to requesters, are not used by the Department or the counties for list maintenance purposes; rather, the SURE system is used to identify records for list maintenance. Exh. A (Marks Dep. Tr.) 142.

**Prior VRF Requests and Litigation.**

15.    VRF obtained the Full Voter Export List and published it on the internet.

16.     VRF also submitted several requests to the Department pursuant to the Right-to-Know ("RTK") Law, 65 P.S. §§ 67.101–67.3104) ("RTKL").

17.     VRF sought further review of one of the Department's determinations under the RTKL.

**FVE Request, Online Posting and Cease-and-Desist Letter.**

18.     On or about February 3, 2021, Owen Wang, as a representative of Local Labs, requested the Pennsylvania Full Voter Export List ("List"). Exh. B (Swoboda Dep. Tr.) 80.

19.     To obtain this list, Wang agreed to the Department's terms and conditions, including the following; "I further affirm that I will not publish any of the above lists on the internet, as such publication is prohibited by 4 Pa. Code sections 183.13 (g) & 183.14 (k)." Exh. A (Marks Dep. Tr.) 84.

20.     Wang and Local Labs provided this list to VRF. Exh. B (Swoboda Dep. Tr.) 80.

5

21.    On or about August 27, 2021, VRF subsequently published the List on its internet website, www.voteref.com. Exh. A (Marks Dep. Tr.) 108.

22.    On or about January 21, 2022, the Department's then-Chief Counsel wrote to Doug Truax, president of Restoration, noting the online publication, and demanding that Restoration and VRF "take immediate action to remove all Pennsylvania-voter information from VoteRef.com and any other related websites under their custody or control." Exh. B (Swoboda Dep. Tr.) 85; Exh. M.

**Right-to-Know Law Request 2022-52.**

23.    On or about January 20, 2022, VRF submitted a RTK Request seeking records relating to ballots, voter registration data, and voting history for each voter participating in the November 2020 presidential election. This request was docketed as Number 2022-052. *See* Exh. U.

24.    By letter of February 28, 2022, the Department denied the RTK request based on the RTKL's instruction to defer to another body of substantive law governing the availability of records. 65 P.S. § 67.3101.1. Accordingly, the denial advised VRF that these records were available

6

exclusively through the request procedures prescribed in 25 Pa. Cons. Stat. § 1401 and 4 Pa. Code § 183.14, by request with the Bureau of Commissions, Elections and Legislation ("BCEL"). *See* Exh. U.

25.    This denial further noted that VRF had obtained the Full Voter Export from BCEL and—despite the online publication prohibition in the regulations (echoed in the requester's application)—posted it online. *See* Exh. U.

**Right-to-Know Law Request 2022-147.**

26.    On or about March 7, 2022, Gina Swoboda, on behalf of VRF, submitted a RTK Request seeking a copy of the Full Voter Export List, including all information in public information lists. This RTK Request was docketed as Number 2022-147. *See* Exh. N.

27.    This RTK Request referred only to the RTKL and made no reference to the NVRA. *See* Exh. N.

28.    The RTK Request indicated that VRF agreed to certain restrictions on the use of voter information, but that it did not agree to refrain from publishing the list on the internet. *See* Exh. N.

7

29.    By letter of April 13, 2022, the Department denied the RTK Request. The response again cited 65 P.S. § 67.3101.1, 25 Pa. Cons. Stat. § 1401 and 4 Pa. Code § 183.14, and observed that VRF had previously published voter information on the internet. *See* Exh. O.

30.    On or about May 5, 2022, VRF appealed the Department's determination.

31.    The Pennsylvania Office of Open Records ("OOR") issued a Final Determination Upon Reconsideration ("Final Determination"), affirming the Department's denial, writing that the Department had properly applied the RTKL's provisions. *Swoboda v. Pa. Dep't of State*, No. AP 2022-1069R (Pa. Office of Open Records July 15, 2022).[1]

32.    VRF sought further appellate review of the OOR decision. Petition for Review, *Swoboda v. Pa. Dep't of State (Off. of Open Recs.)*, No. 857 CD 2022 (Pa. Commw. Ct. filed Aug. 15, 2022).

---

[1] OOR issued two Final Determinations in this matter; it released the first on July 15, 2022. This decision was the subject of a Petition for Reconsideration filed June 10, 2022. VRF Doc. 1052. OOR issued a second decision—styled "Final Determination Upon Reconsideration"—on July 15, 2022.

33.    Upon review, the Pennsylvania Commonwealth Court affirmed the OOR's Final Determination. *Swoboda v. Pa. Dep't of State (Off. of Open Recs.)*, 304 A.3d 105, 114 (Pa. Commw. Ct. 2023).

34.    Shortly following the Commonwealth Court decision, VRF sent the Department, on November 2, 2023, a "Notice of Violation of the NVRA." *See* Exh. P.

35.    The same day, VRF wrote to the Department to request voter data pursuant to NVRA. *See* Exh. Q.

36.    The Department replied to both pieces of correspondence on November 16, 2023, noting that the notice of NVRA violation was submitted contemporaneously with VRF's initial request under the NVRA; the Department's reply also noted that VRF's request for access to the voter data was granted in full, conditioned only on VRF's agreement to the terms (including non-internet publication). *See* Exh. R.

37.    VRF responded on November 17, 2023, disputing any requirement to invoke NVRA by name, and noting that it remained unwilling to refrain from posting voter data on the internet. *See* Exh. S.

**VRF's Practices, and the Features of the VRF Website.**

38.    VRF maintains the website www.voteref.com, on which it publishes voter registration data for several states (including formerly, but not presently, Pennsylvania). Exh. B (Swoboda Dep. Tr.) 21, 86.

39.    The information contained on the website can include names, addresses, birth years, party affiliations, and voting history information.

40.    Upon accessing the website, it displays a pop-up window, advising users "VoteRef.com is for election-related, noncommercial use and for users based in the United States only. Before accessing the site, please read our Terms of Service and agree you will abide by them by clicking on the Accept button below." Exh. B (Swoboda Dep. Tr.) 40.

41.    Users are unable to proceed to use the site without clicking the button marked "I Agree." They may proceed, however, even if they have not actually read the terms. Exh. B (Swoboda Dep. Tr.) 42–43. The website lists an email address to contact VRF: info@voterreferencefoundation.com. Exh. B (Swoboda Dep. Tr.) 89.

42.    VRF has received communications through this email address, including numerous messages from voters whose information

10

appears on the VRF website, requesting to be removed. *See, e.g.*, Exh. B (Swoboda Dep. Tr.) 103–105.

43. VRF claims that it removes voters from its website only if a voter qualifies for confidential or protected status under state law. Exh. B (Swoboda Dep. Tr.) 30.

44. VRF developed a document that guides VRF staff on how to redact a voter's record once confidential status is approved. Exh. B (Swoboda Dep. Tr.) 30–33.

45. When citizens inquire about having their voter registration information removed, VRF advises them that the information is public, and that they should contact state authorities to apply for confidential or protected voter status. *See, e.g.*, Exh. I, Exh. V.

46. Some of the voters requesting to be removed from VRF's website, upon learning that VRF would not remove them, advised of their intention to cancel their voter registrations rather than have their address posted and searchable online. *See, e.g.*, Exh. V at 322, 377–79.

47. VRF does not rely on a voter's actual participation in confidential voter programs, but instead, through counsel, conducts its own

11

assessment of a voter's entitlement to participate in such a program. Exh. B (Swoboda Dep. Tr.) 31.

48.    In addition to eligibility for, and participation in, a state confidential voter program, VRF will redact voters from the website at the discretion of VRF staff; grounds for redaction include employment as a judge or marshal or law enforcement. *See, e.g.*, Exh. B (Swoboda Dep. Tr.) 31.

49.    In addition to entitlement to participation, or actual participation, in a state confidential voter program, VRF also "escalates" any request for removal "where the person says they are in danger." Exh. B (Swoboda Dep. Tr.) 114.

50.    This "escalat[ion]" consists of referral to legal review. Exh. B (Swoboda Dep. Tr.) 114.

51.    VRF does interact with state election officials where its analysis indicates discrepancies between total votes counted and the combined vote histories for individual voters. Exh. B (Swoboda Dep. Tr.) 117.

52.    VRF takes no steps to directly assist in the maintenance of voter registration rolls. Exh. B (Swoboda Dep. Tr.) 117.

53.    VRF has received occasional emails from website users reporting that they identified erroneous voter registration data; VRF refers such users to contact state election authorities. Exh. B (Swoboda Dep. Tr.) 56–57.

54.    VRF does not monitor how many reports are made to state election authorities from users of its website. Exh. B (Swoboda Dep. Tr.) 57.

55.    VRF does not contact state or county authorities to inquire how many VRF website users, if any, have contacted them regarding inaccuracies in voter registration data. Exh. B (Swoboda Dep. Tr.) 57.

56.    While users must agree to VRF's terms and conditions of VRF's website, VRF would in the first instance refer a violation of its terms to a state election official. Exh. B (Swoboda Dep. Tr.) 43–45.

57.    VRF would advise counsel of any violation and defer to counsel for further steps. Exh. B (Swoboda Dep. Tr.) 43–45.

58.    VRF has never become aware of any violations of its terms of service. Exh. B (Swoboda Dep. Tr.) 43–46.

13

59.    VRF has never taken any action in response to a violation of its terms of service. Exh. B (Swoboda Dep. Tr.) 43–46.

60.    Beyond requiring the user to click "accept," VRF does not monitor its users for compliance with the terms of service. Exh. B (Swoboda Dep. Tr.) 46.


December 6, 2024                                Respectfully submitted,


*/s Amelia J. Goodrich*                          */s Michael J. Fischer*
Amelia J. Goodrich (PA 327192)        Michael J. Fischer (PA 322311)
Deputy Attorney General                   Executive Deputy General Counsel
Office of Attorney General                 333 Market Street, 17th Floor
1251 Waterfront Place                       Harrisburg, PA 17101
Mezzanine Level                              (717) 831-2847
Pittsburgh, PA 15222                        mjfischer@pa.gov
(412) 565-7680
agoodrich@attorneygeneral.gov       Kathleen A. Mullen (PA 84604)
                                                     Ian B. Everhart (PA 318947)
Erich T. Greiner (PA 331601)            Pennsylvania Department of State
Deputy Attorney General                   306 North Office Bldg.
Office of Attorney General                 401 North Street
15th Floor, Strawberry Square          Harrisburg, PA 17120
Harrisburg, PA 17120


*Counsel for Defendant Al Schmidt*


14

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above document using the Court's CM/ECF system. Service will be accomplished on all counsel of record through the CM/ECF system.

Dated: December 6, 2024          _/s Michael J. Fischer_____
                                 Michael J. Fischer