IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERT SCHMIDT, in his official capacity as Secretary of the Commonwealth,<br><br>    Defendant. | No. 1:24-cv-294<br><br>Judge Joseph F. Saporito, Jr. |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO DISMISS PURSUANT TO RULE 12(h)(3)**

Defendant Secretary of the Commonwealth Al Schmidt respectfully submits this brief in support of his motion to permit the filing of a motion to dismiss pursuant to Rule 12(h)(3).

## BACKGROUND

This action stems from the efforts of Plaintiff Voter Reference Foundation to obtain information about Pennsylvania voters in order to publish the information on the internet. Pursuant to Pennsylvania statutes and regulations, the Department of State makes voter information available on request, subject to certain reasonable conditions. Specifically,

anyone requesting voter lists must provide identification and "must state in writing that any information obtained from the list will not be used for purposes unrelated to elections, political activities or law enforcement." 25 Pa.C.S. § 1404(b)(3). In addition, requestors must refrain from posting information from the lists on the internet. 4 Pa. Code § 183.14(k).

VRF refused to comply with the prohibition on publishing the lists on the internet, and instead initiated this lawsuit. In its complaint, VRF alleged that the prohibition on posting voter information on the internet is preempted by a provision of the National Voter Registration Act (NVRA), 52 U.S.C. § 20501 *et seq*. Specifically, VRF alleged that the ban on internet publication is preempted by the NVRA's requirement that states "make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i). VRF alleged that the Secretary violated the NVRA by refusing to provide it with the voter lists unless it agreed to the conditions imposed under Pennsylvania law. VRF also alleged that these conditions violated the First Amendment.

The Secretary moved to dismiss VRF's complaint for failure to state a claim. *See* ECF No. 12. While that motion was pending, the parties completed discovery. Under the scheduling order, as amended, dispositive motions were due December 6, 2024, and both parties moved for summary judgment on that day. *See* ECF Nos. 33, 34 & 37. Following the filing of those motions, the Court denied the Secretary's pending motion to dismiss as moot, finding that the Secretary's summary judgment motion "focus[ed] upon the same legal arguments raised … in his dismissal motion" and that "the court's review of the novel legal issues raised in each motion would benefit from consideration of the summary judgment record." ECF No. 40 (Dec. 9, 2024).

Last month, the Third Circuit decided *Public Interest Legal Foundation v. Secretary of the Commonwealth of Pennsylvania*, No. 23-1590, 2025 WL 1242229 (3d Cir. Apr. 29, 2025) ("*PILF*"), a case from this district also involving claims under the NVRA. *PILF* was brought by the Public Interest Legal Foundation, which, like VRF here, claimed that the Secretary violated the NVRA by refusing to provide it with certain documents. The Third Circuit, reversing the district court, held that the injury asserted by PILF under the NVRA was insufficient to give it

standing to assert its claims, and directed that the case be dismissed. *PILF* at *10.

## DISCUSSION

Because standing is jurisdictional, it "can be raised at any time, by either a party or by the court." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 280 (3d Cir. 2014) (cleaned up). The federal rules specifically provide, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As a result, "standing cannot be waived." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 n.5 (3d Cir. 1997).

The Third Circuit has recognized that a motion to dismiss under Rule 12(h)(3) "may be asserted at any time and need not be responsive to any pleading of the other party." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992). Indeed, even if the Secretary did not file a Rule 12(h)(3) motion, it would still be appropriate for the Court to consider *sua sponte* whether the decision in *PILF* requires

4

dismissal of this action. The Secretary's request will simply give the Court the benefit of briefing from the parties on the effect of the *PILF* decision.[1]

There can be no serious dispute that *PILF* is directly relevant to this case. Like VRF, the plaintiff in *PILF* sued the Secretary, claiming that the Secretary had violated the NVRA by refusing to produce certain materials to it. In district court, the Secretary argued that the plaintiff lacked standing; that argument was rejected. *See Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 454–456 (M.D. Pa. 2019) (holding PILF had standing); *Pub. Int. Legal Found. v. Chapman*, 595 F. Supp. 3d 296, 303 (M.D. Pa. 2022) (noting prior decision). The Third Circuit subsequently reversed that decision. *See PILF* at *10.

Relying on the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Third Circuit held that PILF lacked standing to assert claims under the NVRA. In *TransUnion*, the Supreme

---

[1] As the Supreme Court had held, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (cleaned up). Therefore, even if VRF has standing to assert its First Amendment claims, its NVRA claims should still be dismissed.

Court had ruled that, to establish standing, a plaintiff must demonstrate an injury that "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." 594 U.S. at 524. The Third Circuit, applying *TransUnion* to the specific context of a claim under the NVRA's disclosure provision, observed that "it is insufficient for Article III standing purposes for a plaintiff asserting an informational injury from a violation of a statute that contains a public disclosure aspect as part of its overall scheme to allege only that he has been denied information." *PILF* at *6. Rather, where a plaintiff asserts a violation of a disclosure provision of a broader statute, determining whether the plaintiff has standing requires assessing the purpose of the statute as a whole and determining whether the plaintiff has "establish[ed] a nexus among a downstream consequence, [plaintiff's] alleged harm, and the interest Congress sought to protect." *Id*.

The Court then analyzed the NVRA itself, and concluded that there was "an insufficient nexus among the downstream consequences identified by PILF and the interest that Congress sought to protect" in the NVRA. *PILF* at *8. PILF had asserted that it sought the requested information "to study and analyze and scrutinize records" as well as to

6

"evaluate the accuracy of the Commonwealth's voter rolls." *Id.* (cleaned up). The Third Circuit concluded that PILF's stated intent to "study and analyze" was "not an enumerated purpose of the NVRA *nor do these aims advance the expansion of voter registration and participation in federal elections.*" *PILF* at *8 (cleaned up and emphasis added). Here, VRF has similarly asserted that it seeks to publish voter information in order to "crowdsource" the process of "rectifying any errors" in Pennsylvania's voter rolls. VRF Compl. ¶ 46.[2]

Thus, *PILF* involved a claim under the same provision of the same statute that VRF relies on here, and the plaintiff in that case articulated a very similar theory of injury to that asserted by VRF. As a result, *PILF* is plainly relevant to whether VRF has standing, and the Court should have the benefit of briefing from the parties on that question.

## CONCLUSION

For the reasons set forth above, the Secretary respectfully requests that its motion be granted, and that it be permitted to file a motion to

---

[2] The Sixth Circuit also recently issued an opinion rejecting similar claims under the NVRA's disclosure provision, finding that the plaintiff lacked standing to assert them. *See Pub. Int. Legal Found. v. Benson*, No. 24-1255, 2025 WL 1300245, at *12 (6th Cir. May 6, 2025).

dismiss and a supporting brief within two weeks of the date of the Court's order.

May 28, 2025                               Respectfully submitted,

 /s/ *Amelia J. Goodrich*                   /s/ *Michael J. Fischer*
Amelia J. Goodrich (PA 327192)       Michael J. Fischer (PA 322311)
Deputy Attorney General              Executive Deputy General Counsel
Office of Attorney General           333 Market Street, 17th Floor
1251 Waterfront Place                Harrisburg, PA 17101
Mezzanine Level                      (717) 831-2847
Pittsburgh, PA 15222                 mjfischer@pa.gov
(412) 565-7680
agoodrich@attorneygeneral.gov        Kathleen A. Mullen (PA 84604)
                                     Ian B. Everhart (PA 318947)
Erich T. Greiner (PA 331601)         Pennsylvania Department of State
Deputy Attorney General              306 North Office Bldg.
Office of Attorney General           401 North Street
15th Floor, Strawberry Square        Harrisburg, PA 17120
Harrisburg, PA 17120

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above document using the Court's CM/ECF system. Service will be accomplished on all counsel of record through the CM/ECF system.

Dated: May 28, 2025                */s/ Michael J. Fischer*
                                                     Michael J. Fischer