IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC,** | ) |
| Plaintiff, | ) |
| v. | ) **Case No.: 1:24-CV-00294-JFS** |
| **ALBERT SCHMIDT**, in his official capacity as Secretary of the Commonwealth of Pennsylvania, | ) Judge Joseph F. Saporito, Jr. |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS**

Plaintiff Voter Reference Foundation, LLC ("VRF") opposes Secretary Schmidt's untimely request to file a motion to dismiss. ECF Nos. 51-52. The Secretary asserts that the Third Circuit's recent decision in *Public Interest Legal Foundation v. Secretary of the Commonwealth of Pennsylvania*, No. 23-1590, 2025 WL 1242229 (3d Cir. Apr. 29, 2025) ("*PILF*") justifies reopening the time for filing dispositive motions. The Secretary was a defendant in *PILF*. He had ample opportunity to raise the same arguments in this case, but did not. The Court should deny his post-deadline request to rework his strategy. But even if the Court is inclined to allow additional briefing, that briefing should be limited to the standing issue only. Ultimately, *PILF* does not warrant dismissal of VRF's NVRA claims, and the Parties agree *PILF* has no bearing on VRF's First Amendment claims.

1

## BACKGROUND

VRF sued the Secretary in February 2024 for refusing to provide records he must produce under the National Voter Registration Act ("NVRA"); as a condition of access, the Secretary had required VRF to accede to certain restrictions on how those records may be used and disseminated, including a complete prohibition on sharing the records via the Internet. ECF No. 1. The Complaint included five claims. Count I alleged that the "Internet Sharing Ban" was preempted by the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i). ECF No. 1 at ¶¶89-106. Counts II and III alleged that the Secretary violated the Public Disclosure Provision by refusing to produce the records requested in VRF's March 7, 2022 and November 2, 2023 requests, respectively. *Id.* at ¶¶107-112 (Count II); ¶¶113-118 (Count III).

Distinct from the NVRA claims, Count IV alleged that the Internet Sharing Ban violated the First Amendment as an unduly restrictive ban on core political speech, *id.* at ¶¶119-138, and Count V argued the Ban is overbroad. *Id.* at ¶¶139-147. The Complaint sought declaratory and injunctive relief ordering the Secretary to produce the requested records and to refrain from enforcing the Ban against VRF.

The Secretary filed a 12(b)(6) motion to dismiss at the inception of this case, *see* ECF No. 12, but that motion was denied as moot following the filing of cross-motions for summary judgment. *See* Order, ECF No. 40. Despite filing the motion

to dismiss and a subsequent motion for summary judgment, the Secretary never contested VRF's standing or this Court's jurisdiction to hear the NVRA claims.

The Third Circuit recently decided *PILF*, a case in which the Public Interest Legal Foundation also sued the Secretary for failing to produce records covered by the NVRA's Public Disclosure Provision. The Secretary lost that case on the merits in the District Court. *Pub. Int. Legal Found. v. Chapman*, 595 F. Supp. 3d 296 (M.D. Pa. 2022). A fee award over $180,000 was assessed against him under 52 U.S.C. § 20510(c), though execution of that award was stayed pending appeal.

The Third Circuit reversed, holding PILF lacked standing to bring its NVRA claims for want of a sufficient Article III injury. *PILF* at *10. PILF petitioned for rehearing en banc on Friday, May 30, 2025. *PILF*, No. 23-1590 at ECF No. 99.

## DISCUSSION

I.  **The Secretary had every opportunity to contest VRF's standing, but chose not to do so.**

The Secretary seeks to amend the scheduling order in this case to permit yet another round of briefing on an issue that could have been raised at any point during this case. Amending a scheduling order requires the movant to demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry focuses on the moving party's burden to show due diligence. *In re Geisinger Sys. Servs. & Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-CV-00196, 2024 WL 115981, at *1 (M.D. Pa. Jan. 10, 2024) (citation omitted). If the moving party was

3

not diligent, there is no "good cause" for modifying the scheduling order and the inquiry should end. *Id.* Seeking another bite at the apple for an issue that could have been raised earlier does not constitute "good cause." *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) (when "the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.").

The Secretary filed a 12(b)(6) motion to dismiss, ECF No. 12, filed March 14, 2024, but did not contest VRF's standing. His answer did not contest VRF's standing. ECF No. 41. The Secretary filed a cross-motion for summary judgment on December 6, 2024, ECF Nos. 37-39, and opposed VRF's motion for summary judgment on January 10, 2025. ECF Nos. 44-45. VRF's summary judgment briefing addressed its standing, ECF No. 36 at p. 13, but the Secretary ignored the issue.

Though subject matter jurisdiction may not be waived, the Secretary's choice not to raise any argument about VRF's standing—not even when he might have done so in response to VRF's explicit contrary argument on summary judgment—is important here given the timing of the numerous opportunities when the issue could have been raised. The Supreme Court's decision in *TransUnion* on which the Third Circuit's recent *PILF* decision is premised was decided in 2021. *See TransUnion LLC v. Ramirez,* 594 U.S. 413 (2021). The Secretary raised the standing issue in *PILF* at least as early as September 6, 2023, over six months before the motion to

4

dismiss in this matter and more than a full year before summary judgment briefing began. *See PILF*, Sec.'s First Step Brief, Case No. 23-01590, ECF No. 25.[1]

The Secretary was fully aware of the availability of the *TransUnion-PILF* standing argument before the deadlines imposed by the scheduling order. No facts about VRF, its plans with the records it sought, or anything relevant to standing have changed since that briefing was completed. Nor has the law changed. The Secretary demonstrated that by arguing that *TransUnion* controlled in *PILF* as early as Fall 2023. And the Third Circuit acknowledged that *TransUnion* did not work a "sea change to [] informational injury jurisprudence," but "simply reiterated the lessons of [] prior cases." *Kelly v. RealPage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022)

The Secretary chose not to challenge VRF's standing despite several chances—and even an invitation—to do so. A mere change of heart is not "good cause" to do so now. And VRF should not be prejudiced by the cost of additional rounds of briefing because the Secretary failed to raise an argument he knew was available to him, despite having several opportunities to do so.

---

[1] The Court may take judicial notice of the timing and contents of the Secretary's brief filed in *PILF* to note when the standing argument was first raised. *See Allen v. State Corr. Inst. at Somerset Dep't of Corr.*, No. 3:23-CV-00262, 2025 WL 964550, at *8, n. 15 (W.D. Pa. Mar. 31, 2025) (taking judicial notice of brief to determine whether party had full and fair opportunity to litigate issue).

The Secretary's approach necessitates responsive briefing from VRF on both the motion for leave and, if granted, a subsequent motion to dismiss. But LR 7.36 should control here:

> If pertinent and significant cases are decided or authorities are enacted, relating to an issue raised in a motion pending before the court, after the party's final brief has been filed--or after oral argument but before decision--the party may file a notice of supplemental authority setting forth the supplemental citations. The notice of supplemental authority shall indicate the motion to which the supplemental authority may be relevant, but it must not include any argument. The body of the notice of supplemental authority may not exceed 100 words.

At most, the Court should permit the Secretary to comply with LR 7.36 by filing a notice of supplemental authority to which VRF can respond. If the Court is interested in additional briefing after reviewing that authority and VRF's response, it could ask for whatever briefing is most pertinent to resolving the pending cross-motions for summary judgment, rather than starting from scratch with full briefing of a third dispositive motion.

## II.   *PILF* does not affect VRF's standing.

Finally, the Secretary's proposed motion to dismiss would be futile. The Third Circuit discredited PILF's standing arguments because it "submitted no evidence of any specific plans for the records it sought relating to the purpose of the NVRA." *PILF,* No. 23-1590, 2025 WL 1242229, at *9. But VRF did submit that evidence on summary judgment after having pleaded similar facts in its Complaint. Those facts reveal that VRF's plans for the records it sought are clearly distinguishable from

6

simply "study[ing] and analyz[ing]" the data, and its plans are intended to increase voter participation. VRF's Complaint establishes its standing:

1.    VRF sued under a reasonable apprehension that it faced criminal or civil enforcement if it followed through with its plans. VRF received a takedown letter from Timothy Gates, Chief Counsel for the Pennsylvania Department of State, after posting Pennsylvania voter data on its website (VoteRef.com). ECF No. 19-1, Ex. 1 to Sec.'s Mtn. to Dismiss. That letter claimed VRF violated Pennsylvania law and implicitly threatened it with criminal and/or civil enforcement if VRF did not remove the data. *PILF* did not involve any threatened state enforcement. But at least one Court of Appeals found that PILF (the organization) *did* have standing to enforce the NVRA's Public Disclosure Provision and to argue that a similar use ban was preempted where PILF faced a credible threat of enforcement by the state. *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 50 (1st Cir. 2024).

2.    VRF's concrete plans to use the requested data to promote voter participation distinguish it from *PILF*:

    a. The threats of enforcement caused VRF to cease engaging in speech about Pennsylvania's elections that was already occurring, rather than simply preventing it from engaging in some vague planned activity in the future. *Compare* Complaint, ECF No. 1 at ¶¶87-88, ECF No. 19-1 to *PILF,* No. 23-1590, 2025 WL 1242229, at *9 ("…

        PILF submitted no evidence of any specific plans for the records it sought relating to the purpose of the NVRA.").

    b. VRF pled that it was going to use the data to further populate its website, VoteRef.com, and to engage with citizens in Pennsylvania to identify and remedy potential errors in the voter rolls by contacting the election officials responsible for maintaining the rolls. Complaint, ECF No. 1 at ¶¶1, 42-55.

    c. VRF pled its belief that sharing the requested information would foster confidence in the integrity of the electoral system, thereby encouraging voter participation. *Id.* at ¶¶8, 42.

3.    As the Secretary concedes, ECF No. 52 at p. 5, n. 1, neither *TransUnion* nor *PILF* provide a basis to dismiss VRF's First Amendment claims. Even if the Secretary is right on his limited standing challenge, the Court will be left to resolve VRF's First Amendment claims on the Parties' cross-motions for summary judgment. It would be more efficient to address VRF's standing in conjunction with those cross-motions, which must be resolved regardless of the propriety or outcome of a second motion to dismiss.

## **CONCLUSION**

    This is not a situation in which intervening precedent overturned existing law in a manner that rendered it impossible to raise an argument in a timely manner.

Rather, the Secretary had his chance and said nothing, likely because of the strength of VRF's pleading and its own summary judgment showing. VRF respectfully requests that the Court deny the Secretary's motion for leave to file a third dispositive motion in the form of a motion to dismiss and, if anything, order limited briefing on whether *PILF* impacts VRF's standing to bring its NVRA claims.

| | |
|---|---|
| **GRAVES GARRETT GREIM LLC** | **BECKLEY & MADDEN, LLC** |
| */s/Edward D. Greim* | Charles O. Beckley, II (PA 47564) |
| Edward D. Greim (MO 54034)* | 212 North Third Street, Suite 301 |
| Matthew R. Mueller (MO 70263)* | Harrisburg, PA 17101 |
| * Admitted *Pro Hac Vice* | Tel: (717) 233-7691 |
| 1100 Main Street, Suite 2700 | cbeckley@pa.net |
| Kansas City, Missouri 64105 | |
| Tel.: (816) 256-3181 | *Attorneys for Plaintiff* |
| edgreim@gravesgarrett.com | *Voter Reference Foundation, LLC* |
| mmueller@gravesgarrett.com | |

## CERTIFICATE OF SERVICE

I certify that, on June 2, 2025, I filed the above document with the Court's CM/ECF system. Service will be accomplished on all counsel of record through the CM/ECF system.

> /s/ Edward D. Greim
> Edward D. Greim
>
> *Attorney for Plaintiff*
> *Voter Reference Foundation, LLC*