IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALBERT SCHMIDT, in his official capacity as Secretary of the Commonwealth, <br><br> Defendant. | No. 1:24-cv-294 <br><br> Judge Joseph F. Saporito, Jr. |

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO DISMISS PURSUANT TO RULE 12(h)(3)**

The Third Circuit's recent decision in *Public Interest Legal Foundation v. Secretary of the Commonwealth of Pennsylvania*, 136 F.4th 456 (3d 2025) ("*PILF*"), requires dismissal of the claims brought by Plaintiff VRF under the National Voter Registration Act ("NVRA"), because VRF lacks standing to assert them. Consistent with Rule 12(h)(3), the Secretary should be permitted to file a motion to dismiss on that basis so that the Court has the benefit of full briefing on the question.

1. VRF's primary objection to allowing the Secretary to file a motion pursuant to Rule 12(h)(3) is that the Secretary did not challenge its

standing prior to the Third Circuit's decision in *PILF*. That fact is completely beside the point. Because standing is jurisdictional, it cannot be waived. *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 n.5 (3d Cir. 1997). And Rule 12(h)(3) requires a court to dismiss an action "at any time" if it determines that it lacks subject-matter jurisdiction.[1]

VRF does not, and cannot, dispute that the Court would be obligated to dismiss its NVRA claims if it determines that VRF lacks standing under *PILF*. But it nonetheless seeks to deprive the Court of full briefing on that question. Were this matter to be appealed, the Third Circuit would be required to address the question of VRF's standing de novo, with full briefing by both parties. It defies reason, then, that VRF would object to allowing the question to be briefed fully in this Court.[2]

---

[1] VRF concedes that standing cannot be waived, VRF Op. at 4, but still faults the Secretary for not challenging its standing previously. The Third Circuit's decision in *PILF* significantly clarified the requirements for establishing standing under the NVRA's disclosure provision, and did so in a way that makes clear that VRF lacks standing here. It would be necessary to address the impact of that decision regardless of whether the Secretary had previously challenged VRF's standing.

[2] VRF treats the Secretary's motion as a request to amend the scheduling order and argues that the Secretary cannot establish "good cause" to do so. VRF ignores the plain language of Rule 12(h)(3), which requires dismissal "[i]f the court

2

2. *PILF* requires dismissing VRF's NVRA claims. *PILF* held that "a plaintiff asserting an informational injury from a violation of a statute that contains a public disclosure aspect as part of its overall scheme … must establish a nexus among a downstream consequence, his alleged harm, and the interest Congress sought to protect." 136 F.4th at 465. And it further held that, with respect to the NVRA, "The required disclosure of certain records is merely one aspect of the statutory scheme in service of a greater purpose—that is … *the expansion of voter participation in federal elections*." 136 F.4th at 463 (emphasis original).

Thus, *PILF* requires that a plaintiff seeking to establish standing under the NVRA's disclosure provision must show a nexus between its asserted injury and "the expansion of voter participation in federal elections." Here, VRF cannot do so. Its claim that it has "concrete plans" to use the data it seeks, VRF Op. at 7, misses the point. It is not sufficient that it has plans to use the data; rather, it must show that its plans have

---

determines at any time that it lacks subject-matter jurisdiction," as well as the Third Circuit's holding that a Rule 12(h)(3) motion "may be asserted at any time and need not be responsive to any pleading of the other party." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992). And, regardless, the fact that it has become apparent that VRF lacks standing due to a recent precedential decision from the Court of Appeals qualifies as good cause.

a nexus to the purpose of the NVRA, which the Third Circuit recognized as the "expansion of voter participation." The Third Circuit found such a nexus was missing in *PILF*, concluding, "PILF offers no explanation of how its inability to study and analyze and scrutinize the requested records has hindered its own participation in the electoral system or the expansion of voter participation in federal elections in Pennsylvania generally." 136 F.4th at 467. The same is true here.[3]

## CONCLUSION

For the reasons set forth above, the Secretary respectfully requests that his motion be granted and that he be permitted to file a motion to dismiss for lack of jurisdiction and a supporting brief within two weeks of the date of the Court's order.

---

[3] VRF cites to the First Circuit's decision in *PILF v. Bellows*, 92 F.4th 36 (1st Cir. 2024), to support its argument for standing. *See* VRF Op. at 7. VRF is free to argue on appeal that the First Circuit was right in *Bellows* and the Third Circuit was wrong in *PILF*, but a contrary decision from a different court of appeals is not a basis for disregarding controlling Third Circuit precedent.

| | |
|---|---|
| June 16, 2025 | Respectfully submitted, |
| | |
| /s/ *Amelia J. Goodrich* | /s/ *Michael J. Fischer* |
| Amelia J. Goodrich (PA 327192) | Michael J. Fischer (PA 322311) |
| Deputy Attorney General | Executive Deputy General Counsel |
| Office of Attorney General | 333 Market Street, 17th Floor |
| 1251 Waterfront Place | Harrisburg, PA 17101 |
| Mezzanine Level | (717) 831-2847 |
| Pittsburgh, PA 15222 | mjfischer@pa.gov |
| (412) 565-7680 | |
| agoodrich@attorneygeneral.gov | Kathleen A. Mullen (PA 84604) |
| | Ian B. Everhart (PA 318947) |
| Erich T. Greiner (PA 331601) | Pennsylvania Department of State |
| Deputy Attorney General | 306 North Office Bldg. |
| Office of Attorney General | 401 North Street |
| 15th Floor, Strawberry Square | Harrisburg, PA 17120 |
| Harrisburg, PA 17120 | |

# CERTIFICATE OF SERVICE

I hereby certify that I filed the above document using the Court's CM/ECF system. Service will be accomplished on all counsel of record through the CM/ECF system.

Dated: June 16, 2025  /s/ *Michael J. Fischer*
Michael J. Fischer